**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**                                  **Case No. 6:19-cr-60035-001**

**DEANTHONY L. TILLMAN**                                                                   **DEFENDANT**

**O R D E R**

On April 7, 2020, Defendant, DEANTHONY L. TILLMAN, filed a *pro se* Motion to Compel Full Discovery and for New Counsel. ECF No. 35. Defendant has been appointed competent counsel, namely Mr. Matthew Hill of the Federal Defender's office for the Western District of Arkansas. ECF No. 13. The Court ORDERED Mr. Hill to respond *ex parte* to the instant Motion. ECF No. 37. Mr. Hill filed his response *ex parte* and under seal on April 27, 2020. ECF No. 41.

**1. The *pro se* Motion to Compel Discovery**: Defendant asserts he has requested copies of the discovery provided by the Government to Mr. Hill in this case. The Court takes judicial notice of the Government's policy, in this District, of only providing discovery to defense counsel on the condition that counsel not provide copies to defendant. Essentially the first part of this Motion is a *pro se* request to have Mr. Hill violate the parameters of discovery he has accepted from the Government in order to access the materials provided to him under FED.R.CRIM.P 16.

This is a *pro se* request by a represented defendant. A "district court has no obligation to entertain *pro se* motions filed by a represented party." *United States v. Pate*, 754 F.3d 550, 553 (8th Cir. 2014) (internal quotation marks omitted). ("we preliminarily and promptly reject Pate's claim that the district "court erred by not ruling on [his] *pro se* motions."). Likewise, the United States Court of Appeals for the Eighth Circuit has ruled it would not consider the *pro se* filings of

1

a Defendant represented by counsel in appellate proceedings. *See United States v. Jones*, 698 F.3d 1048, 1051–52 (8th Cir. 2012) ("Generally, it is Eighth Circuit policy not to address issues raised by a defendant in *pro se* filings with this Court when he is represented by counsel.").

A defendant in a criminal matter has the right to be represented by an attorney or to represent himself. A defendant cannot have counsel and represent himself at the same time, as the Eighth Circuit has stated: "[A] defendant does not have a constitutional right to hybrid representation." *United States v. Summage*, 575 F.3d 864, 876 (8th Cir. 2009) (internal quotation marks omitted) (*citing Faretta v. California*, 422 U.S. 806, 807 (1975) and *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963)).

In this case Defendant currently has competent Court appointed counsel. He also has requested new counsel, which the Court addresses below. Accordingly, the Court finds the *pro se* Motion to Compel Discovery should be denied.

**2. Request for New Counsel**: Defendant also requests new counsel. The Court has reviewed the sealed *ex parte* Response of Mr. Hill to this request. ECF No. 41. Based on the representations of Mr. Hill in his Response, the Court finds the request for new Counsel should be granted.

**IT IS ORDERED** Defendant's *pro se* Motion to Compel Full Discovery and for New Counsel (ECF No. 35) is **DENIED in part and GRANTED in part**. Defendant's *pro se* Motion to Compel Discovery is **DENIED**. Defendant's *pro se* Motion for New Counsel is **GRANTED**.

Mr. Matthew Hill is relieved as counsel for Defendant in this matter. The Court **APPOINTS** Mr. Morse Gist of Hot Springs, Arkansas, as counsel for the Defendant. Mr. Hill shall provide a copy of his case materials to Mr. Gist within seven (7) days of the date of this order. <u>The parties are reminded this matter remains set for jury trial on June 5, 2020, at 9:00 am in Hot Springs, Arkansas</u>.

**SIGNED** this **28th day of April 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE